NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: BLUE BUFFALO ENTERPRISES, INC.,**
*Appellant*

---

2024-1611

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 17 /136,152.

---

Decided: January 14, 2026

---

B. DELANO JORDAN, Jordan IP Law, LLC, Silver Spring, MD, argued for appellant. Also represented by EVERETT G. DIEDERIKS, JR., NICHOLAS SPENCER WHITELAW, Diederiks & Whitelaw, PLC, Woodbridge, VA.

MONICA BARNES LATEEF, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee John A. Squires. Also represented by SHEHLA WYNNE.

---

Before MOORE, *Chief Judge*, TARANTO, *Circuit Judge*, and CHUN, *District Judge*.[1]

MOORE, *Chief Judge*.

Blue Buffalo Enterprises, Inc. (Blue Buffalo) appeals a decision of the Patent Trial and Appeal Board (Board) affirming an examiner's rejection of certain claims of U.S. Patent Application No. 17/136,152 as obvious. Because the Board did not err in construing "configured to" or "configured for," we *affirm* the Board's decision.

## BACKGROUND

The '152 application discloses a packaging container for wet pet food. J.A. 27–28. The container includes a storage area with deformable side walls allowing food to be pushed out of the container. *Id.* The bottom wall of the container includes a tool portion with projections for breaking up or tenderizing the food. *Id.* Claim 1 is representative:

> 1. A packaged food product comprising:
>
> a container including at least one sidewall and a bottom wall which combine to define a storage area, said bottom wall having an integrally formed, tool portion; and
>
> a food product retained within the storage area and in contact with the at least one sidewall, wherein the at least one sidewall is *configured to be readily deformable by a hand of a user to reduce a volume of the storage area*, and the packaged food product is configured such that reducing the volume of the storage area causes the food product to exit the storage area for further

---

[1] Honorable John H. Chun, District Judge, United States District Court for the Western District of Washington, sitting by designation.

> processing with the tool portion, *wherein the tool portion includes a plurality of spaced projections configured for use in breaking up and/or tenderizing the food product after the food product is removed from the storage area.*

The Board affirmed the examiner's rejection of claims 1 and 3–12 based on Coleman[2] and other prior art references, designating its affirmance as a new ground of rejection because it relied on facts and reasoning not raised by the Examiner. J.A. 2–13. Blue Buffalo appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's claim construction de novo. *In re Man Mach. Interface Techs. LLC*, 822 F.3d 1282, 1285 (Fed. Cir. 2016).

Blue Buffalo argues the Board erred in construing the "configured to" and "configured for"[3] claim language as merely "capable of" performing the recited function. Blue Buffalo Br. 13–16. In Blue Buffalo's view, "claim language that employs 'configured to' type language should be interpreted to cover devices that are specifically designed to perform the stated function." *Id.* at 15. Based on this construction, Blue Buffalo argues the Board reversibly erred in finding Coleman teaches the claimed sidewall and tool portion. *Id.* at 13–14, 17–20. We do not agree.

Blue Buffalo primarily relies on *In re Giannelli*, 739 F.3d 1375 (Fed. Cir. 2014), and *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335 (Fed. Cir. 2012) as support for its argument that "configured to" should be

---

[2] U.S. Patent Appl. Pub. No. 2004/0089583.

[3] Blue Buffalo does not distinguish between "configured for" and "configured to" and primarily refers to "configured to" in its brief. Blue Buffalo Br. 17–21.

construed as "specifically designed to." Blue Buffalo Br. 13–16. Both cases are distinguishable. In *Giannelli* and *Aspex Eyewear*, we construed the term "adapted to," not "configured to" or "configured for," which are at issue here. *Gianelli*, 739 F.3d at 1379; *Aspex Eyewear*, 672 F.3d at 1349. We also adopted a narrower construction in both cases based on context provided by the claim language and written description suggesting that the narrower construction was correct. In *Giannelli*, we explained that for a claim reciting a rowing machine with handles "adapted to" be moved by a user pulling on the handles, "the written description makes clear that 'adapted to' . . . has a narrower meaning . . . that the claimed machine is designed or constructed to be used as a rowing machine whereby a pulling force is exerted on the handles." 739 F.3d at 1379. In *Aspex Eyewear*, we adopted the narrower construction of "adapted to" for a claim reciting "magnetic members adapted to extend across respective side portions of a primary spectacle frame" because the specification suggested the magnetic members were meant to actually engage with the frame. 672 F.3d at 1349–50. Further, another claim recited "capable of," suggesting that "adapted to" was intended to have a different meaning. *Id.* at 1349. Here, Blue Buffalo points to nothing in the claims or written description suggesting that "configured to" should be construed more narrowly than "capable of." Oral Arg. at 8:55–9:31 (citing J.A. 31–32 (¶¶ 18–20)). The specification's disclosures of the sidewall that is "readily deformable" and the projections that allow the tool portion to "break up and/or tenderize food product" are consistent with the Board's construction. J.A. 31–32 (¶¶ 18–20). Unlike in *Giannelli* and *Aspex Eyewear*, these disclosures do not suggest that the sidewall or tool portion are specifically designed or constructed to achieve a certain objective—only that they are capable of doing so. We see no error in the Board's

construction of "configured to" and "configured for" in claim 1 as meaning "capable of."[4]

## CONCLUSION

We have considered Blue Buffalo's remaining arguments and find them unpersuasive. Because the Board did not err in its constructions of "configured to" and "configured for," we *affirm* the Board's decision.

## AFFIRMED

## COSTS

No costs.

---

[4] Blue Buffalo admits it does not challenge the Board's obviousness determination under the "capable of" construction. Oral Arg. at 15:50–16:10.